NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE CORTES-BRAVO, | No. 18-73370 |
| Petitioner, | Agency No. A096-399-944 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024[**]
Portland, Oregon

Before: GOULD, BRESS, and KOH, Circuit Judges.

Petitioner Vicente Cortes-Bravo petitions our Court to vacate the Board of

Immigration Appeals' ("BIA") determination that Petitioner was removable

because he had been convicted of two crimes involving moral turpitude. Petitioner

initially raised a constitutional vagueness challenge to the phrase "crime involving

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

moral turpitude" and also contended that the state statute under which he was convicted was not a categorical match for its federal counterpart. As Petitioner recognizes, intervening Ninth Circuit case law has foreclosed these arguments. *See Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1251 (9th Cir. 2019). Petitioner's only remaining argument is that the BIA erred in finding that his two convictions did not "arise out of a single scheme of misconduct." We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

An alien is removable if he has been convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii). "The determination whether there was a single scheme of misconduct is a factual one" that we must affirm if supported by substantial evidence. *Leon-Hernandez v. U.S. I.N.S.*, 926 F.2d 902, 904 (9th Cir. 1991). The controlling standard "treat[s] 'single scheme' as 'meaning there must be no substantial interruption that would allow the participant to disassociate himself from his enterprise and reflect on what he has done.'" *Szonyi v. Barr*, 942 F.3d 874, 895 (9th Cir. 2019) (quoting *Matter of Adetiba*, 20 I. & N. Dec. at 509-10 (BIA 1992)).

Substantial evidence supports the BIA's determination[1] that Petitioner's

---

[1] It appears that the Immigration Judge here did not analyze whether Petitioner's offenses were part of a single scheme of misconduct.

crimes were not part of a single scheme of misconduct. The record is clear that there was a substantial interruption between Petitioner's offenses. Petitioner's two counts of communicating with a minor for immoral purposes were based on communications that occurred on July 5, 2015, and July 26, 2015. In *Szonyi*, we affirmed that six hours separating two offenses represented a substantial interruption that allowed the petitioner to reflect on his actions. 942 F.3d at 895. Here, Petitioner's offenses were separated by 21 days. The BIA correctly determined that this substantial interruption precludes Petitioner's convictions from constituting a single scheme of misconduct.

**PETITION DENIED**